```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

United States of America,         :
        Plaintiff,                :
                                  :
v.                                :   File No. 1:10-cr-93 (jgm)
                                  :
Ronald Lyons, Kimberly Baker,     :
and Shaquan Baptiste,             :
        Defendants.               :
_____ :
```

MEMORANDUM AND ORDER ON MOTIONS TO DISMISS INDICTMENT
(Docs. 57, 59)

Defendants Ronald Lyons and Shaquan Baptiste have each filed a Motion to Dismiss the Indictment.  The identical motions argue the single count of the Indictment, charging each defendant with conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 846, 841 (b)(1)(C), should be dismissed because 21 U.S.C. § 841 (prohibiting distribution of controlled substances) and 21 U.S.C. § 812 (defining Schedule II substances) do not apply to Defendants' conduct, and the statutes and regulations identifying oxycodone as a Schedule II substance are unconstitutionally vague.  Defendants claim contradictory clauses operate to both include and exclude from Schedule II a substance from which oxycodone is derived.  Ms. Baptiste requests funding for a defense expert in organic chemistry and a hearing on the matter.

The motions to dismiss, and the request for an expert and a hearing, are denied because the statute explicitly identifies "oxycodone" as a Schedule II controlled substance.  Defendants

have not presented a factual dispute regarding whether oxycodone's chemical classification could bring it within the statute and regulation's exclusion.

I.   The Relevant Statutes and Regulations

Schedule II, set out in 21 U.S.C. § 812, Schedule II, and 21 C.F.R. § 1308.12, identifies various drugs and substances as controlled substances.  Section 812, Schedule II (a)(1) includes "[o]pium and opiate, and any salt, compound, derivative, or preparation of opium or opiate."  21 U.S.C. § 812, Schedule II (a)(1).  The next subsection, Schedule II (a)(2), further includes "[a]ny salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of the substances referred to in clause (1), except that these substances shall not include the isoquinoline alkaloids of opium."  21 U.S.C. § 812, Schedule II (a)(2).

The Code of Federal Regulations also provides Schedule II substances will include "[o]pium and opiate, and any salt, compound, derivative, or preparation of opium or opiate excluding . . . [listing various substances not at issue here], but including the following: . . . (xiii) Oxycodone."  21 C.F.R. § 1308.12 (b)(1) and (b)(1)(xiii).  Schedule II also specifically names "Thebaine" in the list of controlled substances.  See 21 C.F.R. § 1308.12 (b)(1)(xvii).  The next subsection of the regulation further includes "[a]ny salt, compound, derivative, or

preparation thereof which is chemically equivalent or identical with any of the substances referred to in paragraph (b)(1) of this section, except that these substances shall not include the isoquinoline alkaloids of opium." 21 C.F.R. § 1308.12(b)(2). The government expert's Declaration states that while 21 U.S.C. § 812(a)(1) and 21 C.F.R. § 1308(b)(1) control substances as compounds, derivatives, or preparations of opium, 21 U.S.C. § 812(a)(2) and 21 C.F.R. § 1308(b)(2) control substances synthesized from non-opium or man-made chemicals, where the resulting compound has a chemical structure equivalent to the opium-derived substances. (DiBerardino Decl., Doc. 60-1 ¶¶ 8, 9.)

II.  Discussion

The statute and regulation clearly identify oxycodone as a Schedule II substance. According to the Supreme Court, to satisfy due process, a penal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983); see also United States v. Roberts, 363 F.3d 118, 122 (2d Cir. 2004) (applying the Kolender test to a federal drug statute and holding its definition of a controlled substance analogue was not unconstitutionally vague as applied). Defendants' motions fail

to articulate a factual issue regarding whether oxycodone's chemical classification renders the statute vague.

Defendants assert, and the government concedes, that oxycodone is derived from, or synthesized from, thebaine.  (See e.g., Doc. 57 at 1; Doc. 58 at 2.)  Defendants argue thebaine is an isoquinoline alkaloid of opium and cite various sources on the internet identifying thebaine as such.  (Doc. 62, identifying onlinelibrary.wiley.com, eprints.iisc.emet.in and beneforce.com, among others, which suggest thebaine is an isoquinoline alkaloid, and acknowledging that some online sources also support the government's position thebaine is a phenanthrene alkaloid.)  Because oxycodone is derived from thebaine, Defendants argue, oxycodone is "effectively" excluded from Schedule II by the exclusion of "isoquinoline alkaloids of opium."  The government's expert counters that "scientific literature classifies thebaine as a phenanthrene alkaloid" and that "it is incorrect to refer to thebaine as an isoquinoline alkaloid."  (DiBerardino Decl., Doc. 60-1 ¶6.)  The government's expert also declares "[o]xycodone is classified as a phenanthrene alkaloid."  (Id. ¶ 12.)

Defendants do not argue oxycodone is, itself, an isoquinoline alkaloid of opium or that any sources support this contention.  If Defendants were charged with conspiracy to distribute thebaine, their reference to some evidence of disagreement regarding whether thebaine is an isoquinoline

4

alkaloid or a phenanthrene alkaloid may warrant funds for a defense expert and a hearing to resolve the factual dispute.

However, the statute and regulation clearly include oxycodone in the list of controlled substances, and this sufficiently provides criminal defendants with notice that their conduct in distributing, or conspiring to distribute, oxycodone is prohibited by statute.  The Defendants do not argue oxycodone is an isoquinoline alkaloid or present any evidence calling into question the government expert's declaration that oxycodone is a phenanthrene alkaloid.

III. Conclusion

Therefore, Defendants' Motions to Dismiss the Indictment (Docs. 57, 59) are DENIED.  Ms. Baptiste's requests for funding for a defense expert in organic chemistry and a hearing (Doc. 62) are DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 11th day of May, 2011.

/s/ J. Garvan Murtha  
Honorable J. Garvan Murtha  
Senior United States District Judge